O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHAEL TODD THACKER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>TIM PEREZ, et al.,<br><br>　　　　Defendants. | No. ED CV 15-280-JGB (PLA)<br><br>**ORDER RE VOLUNTARY DISMISSAL OF COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |

**I.**

**BACKGROUND**

On February 17, 2015, plaintiff, a California prisoner presently incarcerated at the Inglewood State Prison in Blythe, California, filed a pro se civil rights action in this Court pursuant to 42 U.S.C. § 1983. On March 19, 2015, the Magistrate Judge dismissed plaintiff's Complaint with leave to amend. (Dkt. No. 6). On April 16, 2015, plaintiff filed a "Motion to Withdraw 42 U.S.C. § 1983 Civil Rights Action With Leave to Refile at a Later Date" ("Motion to Withdraw"), in which he states that he "wishes to withdraw the instant 42 U.S.C. § 1983 action in order to exhaust his legal remedies in the proper venues and further seeks to refile the instant action, if appropriate, at a later date." (Motion to Withdraw at 2).

The Court construes plaintiff's unequivocal request to withdraw his Complaint in this action as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a plaintiff without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). In this case, defendants have not yet been served and, therefore, no answer has been filed. Accordingly, the Court finds that dismissal of the Complaint is warranted.

## II.

## ORDER

As petitioner may dismiss the action even without a court order since no answer has been served, the Court hereby dismisses the Complaint **without prejudice**.[1]

DATED: April 20, 2015

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is cautioned that a voluntary dismissal does not entitle him to toll any applicable statute of limitations and any subsequent complaint may be time barred. See Johnson v. Riverside Healthcare Syst., LP, 534 F.3d 1116, 1127 (9th Cir. 2011) (citing Wood v. Elling Corp., 20 Cal. 3d 353, 359 (1977); Thomas v. Gilliland, 95 Cal. App. 4th 427, 433 (Cal. App. 2 Dist. 2002)).